770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
DONALD WAYNE PALMER, DEFENDANT-APPELLANT.
 NOS. 84-5940, 84-5980
 United States Court of Appeals, Sixth Circuit.
 7/30/85
 
 M.D.Tenn.
 AFFIRMED
 On Appeal From The United States District Court for the Middle District of Tennessee
 BEFORE: KEITH, MARTIN and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Donald Wayne Palmer, appeals from a district court judgment denying his motion to suppress. On August 17, 1984, the defendant entered pleas of guilty to two courts of unlawful possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. Section 841(a)(1). On appeal the defendant argues: (1) that the magistrate's failure to include the name of the executing officer on one of three copies of the state search warrant violated his fourth amendment rights and rendered the fruits of the search inadmissible at his federal trial; and (2) that the affidavit underlying the warrant was insufficient. We do not agree.
 
 
 2
 We note initially that, contrary to the defendant's contention, the admissibility of evidence in a federal trial is determined solely by federal law. Elkins v. United States, 364 U.S. 206, 223 (1960), United States v. McManus, 719 F.2d 1395, 1397 (6th Cir. 1983). The defendant's first argument is without merit. In our view, the magistrate's omission of the executing officer's name on one of three copies of the state warrant is precisely the kind of technical error in an otherwise valid warrant which fails to raise any substantive fourth amendment concerns. United States v. Leon, 104 S.Ct. 3405, 3418-19 (1984), Illinois v. Gates, 103 S.Ct. 2317, 2330 (1983).
 
 
 3
 We find the defendant's second contention challenging the sufficiency of the affidavit equally untenable. We conclude from the overall circumstances set forth in the affidavit that the magistrate could reasonably find a fair probability that drugs would be found in the defendant's home. Illinois v. Gates, 103 S.Ct. at 2332. In the affidavit under consideration in this appeal, the affiant stated that on the date the search warrant was applied for and executed he had received information from an adult citizen who, in the recent past, had given the affiant drug related information which had proved true and correct; that this informant had told the affiant he had been in the location of the defendant's residence within the past 72 hours and saw the defendant in possession of a quantity of marijuana; and that the defendant had offered marijuana for resale. The officer further advised the magistrate that this informant was familiar with the drug marijuana from prior use. An affidavit containing this information provided the magistrate a substantial basis from which a finding of probable cause could be made. Illinois v. Gates, 103 S.Ct. at 2332.
 
 
 4
 Accordingly, the district court judgment denying the defendant's motion to suppress is hereby affirmed.